Okay, People v. Padilla. And who have we got? Mr. Peterson? Okay. Would you proceed when you're ready? Gary Peterson, on behalf of the Petitioner Appellate. Very good to be here. The issue in this case, excuse me, may it please the Court, the issue in this case is whether the authority to impose mandatory supervised duties, residing with the Court or with the Department of Corrections. This issue is currently pending in the Illinois Supreme Court in People v. Evans, number 113471. Leave to appeal is granted in January from Rule 23 or out of the 1st District. The facts of the case are straightforward. The trial court neglected to impose MSR. MSR was subsequently imposed by the DOC and the defendant filed a post-conviction alleging that the imposition of MSR by the DOC rather than by the court violated his constitutional rights. The trial court dismissed the petition as happy without merit. Now this issue was recently addressed by the District Court for the Northern District of Illinois in Hathaway, a case we cited as supplemental authority. In that case, the court held that the imposition of MSR by the Department of Corrections violates due process. In support of that conclusion, the District Court relied upon the United States Supreme Court's opinion in Wampler and a decision out of the Second Circuit in Earl. These cases are cited in our brief. And these cases recognize that as a matter of due process, a term of imprisonment cannot exceed the sentence imposed by the court. Now in Wampler, the United States Supreme Court stated that the only sentence known to law is the sentence imposed by the court. And early in Hathaway, the courts followed Wampler and said where a person's liberty is restrained as a result of a denied due process of the law. These decisions are consistent with the decisions of the Illinois Supreme Court, which held that only the court has the power to impose sentence. And in People v. Williams, the Illinois Supreme Court recognized that MSR is a part of the sentence. And because the authority to impose sentence resides with the judicial branch. The imposition of sentence by the MSR also violates the separation of powers clause of the Illinois Constitution. What about People v. Reinhart? People v. Reinhart, Your Honor, to know that case, the 4th District case that was cited by the court in February, that's 212 Illinois 111719. Now the question of Reinhart, that involved certain sex offenses. The term of MSR is an indefinite term. It ranges from 3 years to natural life. The 4th District held that the trial court must choose a particular term of use. And that's what the appellate court held. Went up to the Supreme Court, the Supreme Court vacated that, and the court held that the term imposed by the court must be what's set forth in the statute, 3 years to natural life. And I think that's consistent with the legislative enactment of the statute that says every sentence shall include is written in a term of MSR. MSR is automatic. In other words, the trial court need not weigh factors of mitigation and aggravation in deciding a particular term of MSR. Instead, the trial court simply imposes the term set forth in the statute. Doesn't that opinion base its ruling upon the language of the statute saying that every sentence shall include is still written there in the term of MSR in addition to the term of imprisonment? Doesn't it base the reversal of the 4th District essentially on this is automatic? Exactly. So then how can this MSR be a determination and an imposition by the Department of Corrections? Don't those two concepts collide? Well, I would say that under our principles of statutory instruction, we try to interpret the statute to uphold its constitutionality. I think the fact that it's automatically imposed means that the judge does not need to weigh factors in aggravation or mitigation. It just imposes automatically the sentence or the MSR term set by statute. But there's nothing in Reinhart that would indicate that the term of MSR should be imposed by the Department of Corrections rather than the court itself. Well, doesn't Reinhart in effect say the Department of Corrections determines how long between that 3 years and natural life he serves? Yes. So the trial judge has no discretion according to Reinhart. You just say 3 to natural life. But then the Department of Corrections actually does have some discretion in how long he actually serves. That's right. And there's nothing inconsistent of that with the fact that the sentence is imposed by the court, enforced by the Department of Corrections. It's under our constitutional system. The legislature enacts the law, the court imposes the law, and the executive branch through the Department of Corrections enforces the law. It's absolutely nothing more than just a ministerial act for the judge though, right? There's nothing he can do at all. It's imposed by law. It's all been upheld. Everybody says it's constitutional. Absolutely. But if he doesn't put it down... For the person's liberty to be restrained, it must be in the judgment order of the court. It's that order that gives the Department of Corrections the authority to restrain a person's liberty. Now, I think the imposition of MSI by the Department of Corrections is void because the DLC does not have authority to impose sentences. And I think that would be the ultimate remedy in this case. Under the procedural posture of this case, however, because this is an appeal from a first-stage dismissal, a post-conviction petition, I would suggest it would be more appropriate at this point to remand the case for the conclusion of the post-conviction proceedings. Since the defendant has made a constitutional claim, he was entitled under the Post-Conviction Act to the appointment of counsel, who under Rule 651C will be required to consult with the defendant, ascertain his constitutional claims, and review the record. It's possible that if the defendant's appointed counsel in the post-conviction process is allowed to proceed, there may be more constitutional claims that the defendant can raise in post-conviction proceedings, and he may be entitled to more relief. So I would ask this Court to reverse the judgment of the Circuit Court and remand with directions to appoint counsel and proceed in accordance with the Post-Conviction Act. Thank you. Thank you. Thank you. May it please the Court? Counsel? The issue before the Court is whether it is the Department of Corrections that decides to impose the term of mandatory supervised release. And we know from the statute, in effect, affecting the defendant, that it is not the DOC that makes this decision. Rather, the term of MSR, when it is not included in the judge's statements at the sentencing hearing or written into the sentencing order, the term of MSR still is in the sentencing order by operation of law, based on 730 ILCS 5-5A1, that says that every sentence shall include, as though written therein, this term of MSR. So in the simplest possible terms, it does not matter whether the judge spoke these magic words aloud at the sentencing hearing or included the term in the written sentencing order. DOC was not imposing this term of MSR. Rather, the Department of Corrections was enforcing the sentencing order as written, because the sentencing order did include, by operation of law, the term of MSR as though written therein. And this was the conclusion of the Northern District of Illinois, Nance v. Lane, which was cited in the People's Brief, that the term attached by operation of law, the term that was not mentioned as here, and that the defendants, their DOC officials in Habeas' case, were merely compliant with the sentencing order when they executed this term of MSR. The separation of powers argument that is being made was rejected by the Illinois Supreme Court in People v. Scott v. Israel in 1977, in which the Illinois Supreme Court held that the DOC is not imposing a second sentence on the defendant, and that the sentence to mandatory parole is included in the sentence by operation of law. There are two lines of cases that can be distinguished from the facts at issue here. One is typified by Early and Wampler. And in both of those cases, it was the Department of Corrections or some other outside actor that added a term to the sentence. In Wampler, it was a court clerk that wrote in a new term. In Early, it was the New York Department of Corrections that added a term of parole. This was a factual finding made in Early 1. The site is 451 F. 3rd, 71. The pin site is 73. And then the rest of the Early 1 and Early 2 decisions were based on, considered the legal ramifications of that fact, that it was the Department of Corrections that did impose that term, that did add that term. And the reason that it was the New York Department of Corrections that added that term is because the New York statute at issue did not provide, as the Illinois statute at issue in this case does, that a omitted term of parole becomes a part of the sentence as though written therein. The New York statute did not include that language. So that's one line of cases that can be distinguished away here. The other cases that are worthy of discussion here and that are distinguishable here are typified by Reinhart and Hathaway, the facts in Reinhart, that is, and the facts in Hathaway. Now, both of those cases involved Illinois law and sex offenders who were sentenced for, after being convicted of sex crimes that carried an indeterminate term of MSR for between three years to natural life. And in Reinhart, as has been discussed here today, it was the Department of Corrections that decided where on that spectrum the term of MSR would fall. The judge did not specify it. And it was DOC that decided in Reinhart that it was to be a term of natural life. The very similar facts were at issue in Hathaway. In Hathaway, again, the defendant was sentenced, resentenced sometime after 2006 for aggravated criminal sexual assault. The judge did not mention the term of MSR. And DOC apparently decided, again, as in Reinhart, where on the spectrum the MSR term would fall and imposed an MSR term of three years. And that was held to be error in both Reinhart and in Hathaway. But, of course, that isn't what happened here. This case involves a determinate term of MSR. And the Fourth District's observation in dicta remains apt that, apart from the indeterminate terms for sex offenses that were at issue in Reinhart, every other period of MSR in Section 581D is set as a specific number of years by the legislature. And a trial court could fail to include MSR as part of sentencing and have the error remedied by operation of law. And that's what happened here, as the Supreme Court contemplated in 1977 in the Israel case. One other note, the defendant's opening and reply briefs request as an alternative form of relief that this court strike the term of MSR. This is outside of the power of this court to do. The term of mandatory supervised release is, of course, mandatory. And Whitefield and its progeny hold that this court cannot strike a term of mandatory supervised release. And so based on the statute and this case law, the trial court did correctly find that the claim was frivolous and patently without merit. And the state would request that this court confirm. Quick question on Evans that's now pending before the Illinois Supreme Court. What did the appellate court decide in that Rule 23 order? I wasn't sure whether I could discuss that, Your Honor, but I'd be happy to. I mean, just in the context of now it's on PLA, it's on appeal. Sure. In Evans, it appears that the primary issue to be decided in Evans actually has to do with the interplay between the cause and prejudice standard for a successive post-conviction petition and the gist of a claim standard for the first stage of a petition. Now, the specific issue that the defendant or the petitioner raised in Evans was this early versus Murray issue. And the first district in the Rule 23 order did hold that by operation of law, every sentence includes this term of MSR. And the court went on to hold that the defendant had not alleged cause in his motion to file the successive petition. The second question is, has it been argued? No, Your Honor. I believe the appellant's brief was due last week. Curious. Thank you. Rebuttal? The Israel case cited by counsel, the Supreme Court held that the legislature's enactment of a mandatory parole term does not violate separation of powers. But that's not the question here. It's fair that the legislature has the authority to enact the law. The question here is the imposition of a sentence by the Department of Corrections, and only the court has the power to impose a sentence. Are there any further questions? No. Thank you. Thanks for your oral argument and your briefs, and we'll provide you with the decision. Thank you. And the last case of the morning is People of the State of Illinois v. Thomas Byrd. And Mr. Evers, when you're ready, approach the podium and begin. May it please the Court, on this beautiful day, we're here talking about the case of People v. Thomas Byrd. He entered a plea of guilty to aggravated kidnapping and home invasion. A charge of aggravated criminal sexual assault was dismissed. We're appealing from the denial of his motion to withdraw a guilty plea. I'd like to focus on Argument 2, raised in the brief, concerning whether Mr. Byrd was denied a fair hearing on his motion to withdraw a guilty plea. And I won't touch upon Argument 1 unless any member of this Court has a question to ask about that. Turning to Argument 2, at the hearing on his motion to withdraw a guilty plea, Mr. Byrd was representing himself, and he asked to be allowed to have the complaining witness be brought in to testify.